C. E. NEISLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11796. Promulgated November 12, 1929.

*E. S. Parker, Jr., Esq.*, and *J. L. Elliott, C. P. A.*, for the petitioner.

*J. E. Marshall, Esq.*, and *C. L. Lavender, Esq.*, for the respondent.

OPINION.

GREEN: In this proceeding we are asked to find that the respondent erred in determining the rate of exhaustion, wear and tear (elsewhere referred to as the rate of depreciation) of machinery used in the petitioner's cotton-mill business during a portion of the year 1921. The applicable section of the statute is section 214 (a) (8) of the Revenue Act of 1921. There is no dispute between the parties as to the proper base against which the rates are to apply. The respondent allowed a rate of 5 per cent per annum on all machinery during the period of ordinary operations and a rate of 7½ per cent per annum on all machinery during the period it was operated over-

time. The petitioner contends it should be allowed a flat rate of 10 per cent per annum on all its machinery.

The machinery in question was located in three different mills known as the Pauline, Margrace, and Patricia Mills.

The evidence introduced consisted entirely of the petitioner's own testimony with the exception of a revenue agent's report, which was admitted in evidence solely for the purpose of showing two factors about which there was no dispute, namely, the basic values and the amount of overtime.

The petitioner is an experienced cotton manufacturer, having engaged in the cotton-mill business since the year 1888. On direct examination, he testified that in his opinion a reasonable rate of depreciation on the machinery located at the Pauline and Margrace Mills was 10 per cent per annum, or, in other words, that the useful life of the machinery at these two mills was 10 years. On cross-examination, however, he testified that the useful life of the spinning machinery at these two mills was from 20 to 25 years; that the useful life of the spinning frames was something like 15 years; that the clothing on cards had a useful life of 10 to 12 years; and that the average useful life of a Jacquard attachment was 12 or 15 years. Towards the close of the hearing, the petitioner testified as follows:

Q. On the average, what would you say was the life of the machinery in your mills, averaging it all together?

A. Well, it is pretty hard to say.

Q. Well, if it is a thing you do not want to undertake, or have some doubt about the accuracy of your answer, when you give it, you need not answer. I do not want you to express an opinion on anything that you are not fairly certain about.

A. Well, in some instances, a machine would be in pretty good shape for 25 years. In other instances the machine would be pretty badly used up in 10 or 12 years. Just what the average would be, I wouldn't want to say definitely.

Upon consideration of all the evidence, we are of the opinion that the record does not establish that the respondent erred in his determination of the rates for depreciation of the machinery located in the Pauline and Margrace Mills. His determination as to those two mills is, therefore, sustained.

The evidence with respect to the Patricia Mill proves that the machinery there was purchased second hand and that its useful life was not more than four years. From such a finding, it follows that the deficiency should be recomputed on the basis of an allowance for depreciation on the machinery at the Patricia Plant computed at the rate of 25 per cent per annum.

*Judgment will be entered under Rule 50.*